# Mathers v. American Ice Co., Appellant.

*Equity—Findings of fact—Appeals—Contract agreement as to drain pipe.*

On a bill in equity for a mandatory injunction to compel defendant to carry out a contract to construct a proper drain pipe to carry off surface water from plaintiff's land, a chancellor's findings of fact that the drain pipe was improperly constructed and failed in its purpose will not be reversed, where the finding is based upon sufficient and competent evidence.

Argued March 21, 1922.    Appeal, No. 254, Jan. T., 1922, by defendant, from decree of C. P. No. 1, Phila. Co., March T., 1920, No. 7170, on bill in equity, in case of Frank F. Mathers, trading as Atlantic Fuel Co. v. American Ice Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for mandatory injunction, Pefore PATTERSON, J. The opinion of the Supreme Court states the facts. Decree for plaintiff.   Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Frank R. Savidge,* for appellant.

*Owen J. Roberts,* with him *William E. McCall, Jr.,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 8, 1922:

Plaintiff is owner of land at 53d Street and Whitby Avenue, in the City of Philadelphia, abutting the north side of the Philadelphia, Washington & Baltimore Railroad tracks. Under the latter is a culvert constructed for the purpose of carrying the natural drainage from plaintiff's land to and upon defendant's property located on

the opposite side of the railroad. Defendant disposed of such drainage by laying a twelve inch pipe through its land from the culvert to a city sewer. The pipe becoming obstructed and causing the drainage to accumulate and overflow plaintiff's land, a bill was filed to compel defendant to open the drain and also compensate plaintiff for damage sustained by the flooding of his property. This proceeding was compromised by the parties and an agreement entered into providing the drain should be immediately cleared of obstacles at the expense of defendant and afterwards maintained by it "in an open and unobstructed condition so that water coming from said property of said Mathers through said viaduct may at all times flow through said drain freely." In carrying out the agreement, defendant replaced the twelve inch drain with a twenty inch terra cotta sewer pipe connecting it with a manhole at the railroad's culvert. Plaintiff's present contention is that, by reason of improper construction, the new drain fails to receive and carry off the water from the culvert and becomes choked and obstructed with sediment and other obstacles, causing the water to overflow plaintiff's land. The present bill followed, in which plaintiff asks that a mandatory injunction issue to compel defendant to carry out its agreement by constructing a drain in conformity with the terms of its contract. The court below found the twenty inch terra cotta pipe, as at present laid, to be of improper construction and that, by reason of such defective structure, fails to carry surface water from plaintiff's land, as the agreement contemplated it should do, and entered a decree ordering defendant to reconstruct the drain in such manner that surface water from plaintiff's property would, at all times, flow through it and be freely discharged. From the decree so entered defendant appealed.

Under the findings of the court below, which are fully supported by the testimony, the bottom of the new terra cotta pipe installed by defendant, instead of being level

with the bottom of the culvert, is approximately twenty-six inches higher and also twelve inches above the bottom of its end at plaintiff's land. As thus constructed, the bottom of the new drain is two inches below the top of the culvert. To provide a connection between the two openings and permit the water to be carried off, defendant constructed a manhole at the junction of the culvert and terra cotta drain which, instead of allowing the water to flow freely from the drain at all times, permits it to be discharged only at times when of sufficient height in the culvert to reach the level of the bottom of the drain. In other words, the outlet is above the intake and the culvert fails to drain until the pipe is practically filled with water. As a result of the defective construction and because drainage from other property passes through the manhole, all sediment carried by the water necessarily settles in the bottom of the manhole and culvert and in a short time both become choked to such extent as to practically prevent the flow of water. Although the old drain was not entirely down to the level of the bottom of the culvert, defendant concedes it was considerably lower than the new one. Defendant alleges as a further excuse for the present construction that the old drain failed to carry drainage into the sewer owing to insufficient fall. The court found, however, on competent evidence, that the original pipe did, in fact, afford ample means to carry off the water and had done so for a long time previous to becoming choked by various obstructions not shown to have been the result of insufficient fall in the drain between the culvert and the sewer. There is also evidence, and the court below found, that so long as the twenty inch drain of defendant remains at its present level it will fail to provide adequate surface drainage from plaintiff's land. The court accordingly and properly concluded defendant failed to comply with its agreement. Under the testimony no ground for reversal appears.

The decree of the court below is affirmed at the costs of appellant.